No. 58,769

In the Matter of FRANK W. HYLTON, *Respondent.*

(714 P.2d 987)

Opinion filed February 21, 1986. 

*Roger N. Walter*, disciplinary counsel, appeared and argued for the disciplinary administrator.

There was no appearance by respondent.

These are two original proceedings filed with the Kansas Board for Discipline of Attorneys (Board) by Arno Windscheffel, disciplinary administrator, against Frank W. Hylton, of Wichita, an attorney admitted to practice in the State of Kansas. The complaints filed with the Disciplinary Board on or about August 13, 1985, each alleged that respondent had neglected legal matters entrusted to him and had failed to refund money due the complainant. The two complaints were consolidated before the Board and remain so in this court.

Complaint No. W 3438 involved Ronald Hall, who retained respondent on or about August 10, 1984, to represent him in the filing of a bankruptcy action. Hall paid respondent a $200.00 retainer and turned over the keys to a Cadillac automobile with instructions that it should be returned to the bank that had a lien upon it. Respondent failed to file the bankruptcy action or to deliver the automobile to the bank. On or about October 17, 1984, at respondent's request, Hall paid an additional $65.00 for the filing fee. Again, respondent failed to file the bankruptcy action and about December 1, 1984, on demand of Mr. Hall, respondent refunded the filing fee but failed to return any portion of the $200.00 retainer. In addition, respondent could not remember what he had done with the Cadillac. At the hearing held before a panel of the Board on October 17, 1985, respondent failed to appear although duly notified in accordance with the rules of the Board and the Supreme Court. The panel found that respondent had neglected a legal matter entrusted to him and, in view of the fact that respondent had been admonished in several previous cases for neglect of clients' matters and that respondent had failed to comply with orders of the Disciplinary Administrator in connection therewith, recommended punishment by disbarment.

Complaint No. W 3449 concerned Steve Scuka, who retained respondent on or about November 1, 1984, to file a Chapter 13 bankruptcy proceeding. Respondent, after having accepted $120.00 from Mr. Scuka, failed to file the action, resulting in Mr. Scuka's checking account being garnished on December 28, 1984, with a loss to the client of approximately $300.00. After receiving an additional $60.00 from his client, respondent finally filed the action on January 28, 1985. The following day, respondent was notified by the Clerk of the Bankruptcy Court that the petition was defective and inadequate. Respondent took no action to correct the deficiencies. Again, the panel of the Board found that respondent had neglected a legal matter entrusted to him and recommended disbarment.

In April 1985, following numerous complaints to the Supreme Court alleging neglect, the Court issued an order to respondent to appear before the court on April 12, 1985, to show cause why he should not be temporarily suspended from the practice of law. Although respondent was duly notified and received a copy of the show cause order, he advised the office of the disciplinary administrator that he would not appear and did not want to contest the show cause order. An order temporarily suspending respondent from the practice of law was issued by this court April 25, 1985.

The court has carefully considered the report of the Board in these proceedings and concurs in its recommendations.

IT IS THEREFORE ORDERED that Frank W. Hylton be and he is hereby disbarred from the practice of law in the State of Kansas and the Clerk of the Appellate Courts is hereby directed to strike the name of Frank W. Hylton from the rolls of attorneys admitted to practice in Kansas.

IT IS FURTHER ORDERED that Frank W. Hylton shall forthwith surrender to the Clerk of the Appellate Courts his certificate to practice law in Kansas.

IT IS FURTHER ORDERED that this order shall be published in the official Kansas Reports and that the costs herein be assessed to the respondent.

Effective this 21st day of February, 1986.